IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[2] DENNIS OMAR LÓPEZ-PEREIRA,

Defendant

CRIMINAL 07-0156 (ADC)
CRIMINAL 07-0157 (ADC)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11(c)(1)(A) & (B) PROCEEDINGS (PLEA OF GUILTY)

I. Personal Background

On April 11, 2007, Dennis Omar López-Pereira, the defendant herein, was charged in two indictments. He agrees to plead guilty to count one in Criminal No. 07-0156, and to count two in Criminal No. 07-0157.

Count one in Criminal No. 07-0156, charges that beginning in or about 2000, the exact date being unknown to the Grand Jury, and continuing up to and until the date of the return of the instant indictment, in the District of Puerto Rico, and elsewhere, and within the jurisdiction of this court, defendant and co-defendants did knowingly and intentionally, combine, conspire, agree and confederate with each other and with diverse other persons known and unknown to the grand jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II Narcotic Drug Controlled Substance within 1,000 feet of the real property comprising a housing facility owned by a public housing authority, that is, the Pedro Rosario Nieves Public

CRIMINAL 07-0156 (ADC)                    2
CRIMINAL 07-0157 (ADC)

Housing Project or a public elementary school. All in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), 846 and 860.

Count two in Criminal No. 07-0157, charges that on or about November 21, 2006, in the District of Puerto Rico, and elsewhere within the jurisdiction of this court, the defendant herein, did knowingly and unlawfully posses a firearm, as that term is defined in 18 U.S.C. § 921(a)(3), that is, one loaded Beretta pistol, .380 caliber, model 84, serial number B20646Y, in furtherance of a drug trafficking offense for which he may be prosecuted in a court of the United States, that is, possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), as charged in count one of the instant indictment. All in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(I).

Defendant filed a motion for change of plea on August 31, 2007.

II.   Consent to Proceed Before a Magistrate Judge

On October 3, 2007, while assisted by Alice M. Velázquez, the defendant, by consent, appeared before me in order to change his previous not guilty plea to a plea of guilty as to count one of the indictment in Criminal No. 07-0156, and count two of the indictment in Criminal No. 07-0157.

In open court the defendant was questioned as to the purpose of the hearing being held. The defendant responded that the purpose of the hearing was to plead guilty. The defendant was advised of his right to have all proceedings, including the change of plea hearing, before a United States district judge. Defendant was given notice of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful (he was also explained that the consequences of lying under oath could lead to a perjury charge); and (c) his right to have the change of plea proceedings

CRIMINAL 07-0156 (ADC)  3
CRIMINAL 07-0157 (ADC)

presided over by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consent to proceed before this magistrate judge.

III.   Proceedings Under Rule 11, Federal Rules of Criminal Procedure

A.   Compliance With Requirements Rule 11(c)(1)

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant was explained and he understood that if convicted on count one, he may be sentenced to a term of imprisonment which may not be more than 20 years, a fine not to exceed $1,000,000, and a term of supervised release of at least three years in addition to any term of incarceration.

As to count two, the term of imprisonment shall not be less than five years, which shall run consecutively to any other term of imprisonment imposed, a fine not to exceed $250,000, and a term of supervised release not to exceed three years in addition to any term of incarceration.

At the time of the signing of this plea agreement, the defendant shall pay a special monetary assessment of $100, per count, pursuant to 18 U.S.C. § 3013(a).

CRIMINAL 07-0156 (ADC)    4
CRIMINAL 07-0157 (ADC)

The defendant is aware that the court may order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment or supervised release; and defendant agrees to provide a financial statement as requested to the United States.

The term of imprisonment imposed as to count one in Criminal 07-0156, shall run consecutive to term of imprisonment imposed for count two in Criminal 07-0157. Indictments 07-0156 and 07-0157 are not consolidated. The United States, however, agrees to recommend that both indictments be consolidated for purposes of this plea agreement and sentencing only.

Defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea if he was unhappy with the sentence of the court. The defendant understood this.

Defendant was explained what the supervised release term means. It was emphasized that cooperation with the United States Probation officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone. Defendant responded to questions in that no promises, threats, inducements or predictions as to what sentence will be imposed have been made to him.

B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

CRIMINAL 07-0156 (ADC)                    5
CRIMINAL 07-0157 (ADC)

2. To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and would be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that when he were under supervised release, and upon violating the conditions of such release, that privilege could be

CRIMINAL 07-0156 (ADC)                              6
CRIMINAL 07-0157 (ADC)

revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

D. Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the possible maximum penalty prescribed by statute.

5. The defendant understands that if the court accepts this agreement and sentences defendant according to its terms and conditions, defendant waives and surrenders his right to appeal the conviction and sentence in this case.

Defendant acknowledged having understood this explanation.

E. Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence with which the defendant basically concurred.

CRIMINAL 07-0156 (ADC)                    7
CRIMINAL 07-0157 (ADC)

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged.

F. Voluntariness

The defendant accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty. He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the indictment in Criminal No. 07-0156 and as to count two of the indictment in Criminal 07-0157.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Dennis Omar López-Pereira is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment in Criminal 07-156, and as to count two of the indictment in Criminal No. 07-0157. After sentencing, the government will move the court to dismiss count two of the

CRIMINAL 07-0156 (ADC)                           8
CRIMINAL 07-0157 (ADC)

indictment in Criminal 06-0156, and count one of indictment in Criminal No. 07-0157.

     This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

     At San Juan, Puerto Rico, this 13th day of October, 2007.

                                          S/ JUSTO ARENAS
                            Chief United States Magistrate Judge